## KLASKALA v. UNITED STATES.

District Court, W. D. New York. June 13, 1929.

Victor B. Wylegala, of Buffalo, N. Y. (James P. Cotter, of Buffalo, N. Y., of counsel), for plaintiff.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y., and D. G. Arnold, Atty. U. S. Veterans' Bureau, of Washington, D. C.

HAZEL, District Judge. A summary of the allegations of the complaint shows that John Klaskala, the beneficiary, a mentally incompetent soldier or seaman, came of full age February 12, 1919; that on February 9, 1905, Mrs. Sikorski was regularly appointed guardian of his person and estate, and continued as such until July 19, 1921, when she was discharged by the surrogate of Erie county, though the infant had arrived at the age of 21 on February 12, 1919. On February 5, 1920, the Director of the United States Veterans' Bureau made an award of compensation to John Klaskala, who was mentally disabled while in the naval service during the World War, payable monthly to Mrs. Sikorski, as guardian, from February 5, 1920, to November 30, 1924, the amount aggregating $5,087.97. Mrs. Sikorski died October 23, 1925, and the beneficiary died on December 1, 1925. In April, 1924, plaintiff having been appointed a committee of the beneficiary, claims to have written the United States Navy protesting against the payment of money to Mrs. Sikorski, and that said letters were transmitted to the Veterans' Bureau. Following the death of the beneficiary, the plaintiff was appointed administrator of his estate, and for a part of the year 1925, the compensation was paid to him. It is contended in his behalf that he is entitled to recover all the moneys theretofore paid to Mrs. Sikorski as guardian, thus demanding that the government make duplicate payment, on the ground that the Director unlawfully, unjustly, and arbitrarily refused to make payment of the compensation to him.

It is not deemed necessary to decide that the claim is or is not for a pension. That the compensation was, and is, a gratuity without becoming a contract or implied contract likewise need not be determined. It certainly was an award to pay either the beneficiary or his duly constituted representatives for his welfare and benefit. Section 21 of the World War Veterans' Act of 1924, as amended (38 USCA § 450) authorizes payment to a person adjudged by a court of competent jurisdiction to be mentally incompetent, and that such payment may be made to a person who is his constituted guardian, curator, or conservator by the laws of the state of residence of claimant; and, further, that, where no guardian, curator, or conservator has been appointed, "the Director shall determine the person who is otherwise legally vested with the care of the claimant or his estate." In subdivision 2, the Director is empowered, in instances where the representative does not faithfully perform his duties or trust, to make representation to the court making the appointment, and may, in his discretion, suspend payment to such guardian or representative, after reasonable notice to render an account to him.

The government contends that these provisions do not strictly require the Director to make payments to a regularly appointed representative, there being none in esse, but that discretionary power was conferred upon him to make payments to such person or persons as he deemed would serve the welfare of the beneficiary and faithfully perform the trust. Upon considering the relevant provision, I am of opinion that Congress intended to confer, and did confer, a reasonable discretion upon the Director as to payments to a suitable person who apparently had the responsibility and care of the beneficiary in instances where no representative had been appointed.

Mrs. Sikorski had for many years been the guardian of the beneficiary, and I am disinclined to accept the view that the action of the Director in paying the compensation to her, even after her guardianship ceased, was an unjust, capricious, or arbitrary act. In the circumstances, plaintiff cannot require repayment to him of funds which had already been paid to the person who had the responsibility and care of the incompetent. The complaint does not allege his appointment as committee until April, 1924, after the major portion of the compensation had been paid to Mrs. Sikorski, who presumably was faithful to her trust. He cannot now claim that his laches or neglect in this particular, assuming that he was properly appointed committee of the incompetent, confers upon him the legal right to recover the amount no doubt paid for the support and care of the beneficiary. To now permit him to recover, on the state of facts alleged in the complaint, would, in my view, be of questionable propriety. The allegation in the complaint that the beneficiary never received said payments is not to be considered as an admission of fact.

It is not deemed necessary to pass upon any other questions argued at the bar. The complaint, I find, does not state a cause of action to confer jurisdiction upon this court, and therefore the motion of the government is granted.